The first case is People v. Christopher Easley. Are the bodies ready? Thanks, Don. May it please the Court. My name is John Nowak. I'm an Assistant State's Attorney from Cook County, and I represent the people of the State of Illinois in this case. The offense of unlawful use of a weapon by a felon based on a prior UUW by a felon conviction can result in only one class of offense, a Class 2. A prior felony conviction is a required element of the offense of UUW by a felon, and that offense is either a Class 3 or a Class 2 depending on the type of that prior felony conviction that's used as an element of the offense. This case is as simple as reading the charge and then reading the statute. The indictment in this case charged the defendant in Count 2 as follows. On or about December 18, 2008, at or within the County of Cook, Christopher Easley committed the offense of unlawful use of a weapon by a felon and that he knowingly possessed on or about his person a firearm to wit, a handgun, after having been previously convicted of the felony offense of unlawful use of a weapon by a felon under Case No. 06-CR-8260 in violation of Chapter 720, Act 5, Section 24-1.1a of the Illinois Compiled Statutes. That particular section, 24-1.1a, is the UUW by a felon statute. It makes it unlawful for a person to knowingly possess a firearm if that person has previously been convicted of a felony under the laws of this State or any other jurisdiction. That's the indictment. The statute, and that's the statute, when you read them together along with subsection E of the UUW felon by statute, it states as follows. It sets forth the possible classes of offense and sentences. It states that a violation of this section by a person not confined at a penal institution shall be a Class III felony for which the person shall be sentenced to no less than 2 years in prison or to 10 years in prison. And then it goes on and says that any second or subsequent violation shall be a Class II felony for which that person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 14 years. Anyone who reads the charge in this case and then reads the statute could come to a single conclusion. But Mr. Novak, then, doesn't this presume, then, that the defendant will understand that? It's not in the indictment, but he'll have to read the statute as well? Is this proper notice? It is, Your Honor. It is, Your Honor, because in Section 111-3A, which sets forth what must be in the charge for any felony offense, it does not require the class of offense to be listed in the indictment for any type of felony. Here, we've listed the elements of the offense, and in any case, aside from UUW by a felon, in any criminal charge, that defendant looks at the charge, sees the elements of the offense, sees the statute. He has no idea, based simply on any indictment, what class of offense he's facing. It's only then, by referencing the statute that he's been charged with violating, does a defendant in any felony criminal case know what class of offense he's facing. That is true in every criminal case. Section 111-3C requires simply the following. It should be in writing, and allege the commission of the offense by stating the name of the offense, citing the statutory provision that's alleged to have been violated, setting forth the nature and the elements of the offense charged, and stating the date and county of the offense, and stating the name of the accused. Missing from that list of what's required is stating the class of offense. In any criminal case, the defendant is only, sees that indictment only, the elements charged and what he's been, the statute he's violated. In this particular case, however, it assumes that the defendant knows that Section 524-1.1e requires a subsequent conviction subject to enhancement. I mean, you have, the defendant has to assume that. The offense of UUW by a felon statute, and that offense necessarily requires that he had previously been convicted of a felony. And in this indictment, the indictment states how the state's going to prove that element of the offense, that prior felony conviction that makes this UUW by a felon. And this indictment lists his prior UUW by a felon conviction. The only way that this defendant would know whether it's, what class of offense this is at all is to look at Subsection E. And when he reads that section, he sees that a first violation is a Class 3, and it says plainly, any second or subsequent violation shall be a Class 2 felony. There's no possible way that this defendant could read these elements of this offense as charged, and then read the statute, which every criminal defendant has to do in order to determine the class of offense he's charged with, and come with any other conclusion than this is a Class 2. It's simply not legally possible for a repeat UUW by a felon offender to receive a Class 3. The statute makes that plain. And that's following from this Court's reasoning in White. That when a defendant is charged and it's proved in trial, certain facts, and only one type of class of a sentence is possible, then that's the only class. There's simply no enhancement here. He was not possible, it was not possible for this defendant as charged to receive a Class 3 sentence and Class 3 offense. And that's why, that's how the appellate court erred in this case. It reversed his conviction, his Class 2 conviction, and remanded for what amounts to a void Class 3 sentence for a repeat UUW by a felon offender. It reached that conclusion by erroneously believing that Section 111-3C of the Code of Criminal Procedure applied the charge of UUW by a felon as charged in this case. There was simply never a question at trial that this was a Class 2 offense. And in fact, the defendant didn't even raise this issue initially before the appellate court. It was the appellate court who raised this oral argument and ordered supplemental briefing on it. Section 111-3C only applies when the state seeks to use a prior conviction that is not an element of the offense to enhance from one class to a higher class. It applies in every single felony case where that prior conviction is not an element. It applies in those other cases, the vast majority of other cases, because otherwise, when the defendant reads the charge in the indictment or in the information, he will come to a conclusion believing he's facing only a lower class of offense, because that's what the elements charge. And it's only by giving notice under 111-3C that this extra elemental prior conviction, something that's not an element of the current offense, is going to be used to raise his offense level. And the terms of the statute of 111-3C say as much. It says that the fact of such prior conviction and the state's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial. The opposite is true, of course, for unlawful use of a weapon by a felon. The prior conviction here is an element of the offense, and it must be disclosed and proved to the trial fact. If the legislature intended 111-3C to apply even when the prior conviction is a required element and only one class of offense is possible when it's charged, it would have said so. Here it didn't apply because that prior UUW by a felon conviction was included in this charge as an element of the offense. And the offense is proved at trial and is required under subsection E of the UUW by a felon statute. This second conviction is required to be a class 2. A class 3 was simply not allowed here. Briefly, as to the defendant's request for cross-relief, there simply was no double enhancement here at all, Your Honors. His prior conviction was used only once, and that was an element of the offense. As an element of the offense, it required a class 2. It was not enhanced from a class 3. But even arguing, arguendo, that if this was a double enhancement, it was proper, because the statute could not have been clearer. The statute says any second or subsequent violation shall be a class 2 felony. It doesn't go on to say unless that prior UUW by a felon conviction is used as an element of the current offense. It says simply a second or subsequent violation is a class 2 felony. That's it. There's no improper double enhancement here. In conclusion, Your Honors, this defendant was charged and convicted of UUW by a felon based on his prior conviction for UUW by a felon. And the statute mandates that that is a class 2 offense and nothing more and nothing less. Section 111.3c simply does not apply when that prior conviction is an element of the offense and only one class of offense as possible is charged. For these reasons and those in our briefs, we ask that this Court reverse the decision of the appellate court and affirm defendant's class 2 conviction and sentence. Thank you. Your Honors, I'm Assistant Appellate Defender Levi Harris on behalf of my client, Christopher Easley, who is the appellee. May it please the Court. Mr. Easley is here today asking this Court to give effect to the intent of the General Assembly as clearly expressed first in the plain language of 111c3, the Notice Statute, and second in the long-standing prohibition of double enhancements except where they have been specifically permitted by the legislature. First, on the issue of notice on which Mr. Easley prevailed below, the General Assembly has created a policy of notice to give defendants a right to notice and a chance to make intelligent decisions throughout proceedings. The statute is clear in what it requires. It says when the state seeks an enhanced sentence because of a prior conviction, the charge shall also state two things, the intention to seek an enhanced sentence and the prior conviction itself. The House sponsor, you know, normally we look at the plain language of the statute to define the legislature's intent, but to the extent that there is any ambiguity, you can look to what the legislators said about this in debate. The House sponsor said that this bill clarifies the procedure that should be set forth in charging documents to specify what the defendant is entitled, his words, to be placed on notice when the prosecutor seeks an enhanced sentence because of a previous conviction. He went on to say that the bill clarifies the law, provides fairness to defendants to put them on notice at the time they're being charged. He went on to explain that the bill has to do with cases where the state's attorney has charged someone with an upgraded offense as a result of a prior conviction for the same offense. It spoke of a right to notice. And when you look at this court's prior opinion in Jamison, dealing with this in another context, this court said that a general notice provision was needed to require that the state notify a defendant in all cases, italics and original, Your Honor's italics, where it intends to charge the defendant with a higher classification of offense based on the defendant's prior convictions for that same offense. So it would seem pretty clear that notice did not take place here. In fact, May I ask you a question? Yes, Your Honor. The charging document referred to the felony that was the basis for the charge of unlawful use of a weapon by a felon as being a prior UW by felon. Correct. My question to you is, can you suggest to us what was missing from the charging document? What should have, in your opinion, what should have it said that would comply with the statute? Well, Your Honor, as I think that the case that we moved to cite additional authority last week prior put it pretty plainly, the statute requires two things. It's a both and, not an either or. To state the intention to seek an enhanced sentence and to state the prior conviction. Here what's missing is the state's intention to seek an enhanced sentence. So, you know, you could almost say, well, I'll go ahead and say, that in this case it's even more necessary to state this intention to seek an enhanced sentence because there was another reason for this to be in there, a perfectly good reason, and that is that the state couldn't prove this offense without having a prior conviction as an element. So, you know, that's what it requires. Your argument is based upon this being an enhanced sentence. If we agree with Mr. Novak that this is the only sentence available for this charge, does your argument fail? Your Honor, I don't think so. First of all, we obviously don't agree with his position that this is the only sentence that he can get. In fact, we believe that this sentence is prohibited based on the way that this was charged. And I'm glad that counsel mentioned Pierre White because we believe Pierre White counsels in our favor. You know, in Pierre White, the state had included too much in the charging instrument for it to then be able to offer a plea agreement for the sentence that was impermissibly low. In this case, we're saying that the state didn't go far enough in the charging instrument. It didn't comply with the 111C3 notice provision and, therefore, could not get that enhanced sentence because that's a prerequisite to getting this. So we don't think that... But, again, your argument is based upon this being an enhanced sentence. How can there be any other sentence than a Class II felony for the way that it was charged? Well, Your Honor, I believe that part of the confusion here comes from the fact that this was a bench trial instead of a jury trial. So all of this seemed to happen at once. In a jury trial situation, you would have a situation where the state is proving its case and the jury is asked to pass on whether there has been a finding of guilt based on any prior conviction. Any prior conviction will do for the purposes of the first part of that statute, which prohibits unlawful use of a weapon by a felon. But if the state charges this prior being a prior UUW by a felon, doesn't it have to prove that to the trier of fact? Your Honor, it has to prove the fact of a prior conviction, but not the nature of the prior conviction. The nature of the prior conviction is... Did they prove the nature of the prior conviction in this case? Your Honor, I think that they did prove the nature of the prior conviction, but it was not a trial consideration. It was a sentencing consideration. That's not something... So, in other words, to get more specifically to Your Honor's question about whether there is an enhancement, there is an enhancement. When he's found guilty, he's not found guilty of Class 2 or Class X or whatever. He's found guilty of this default offense, UUW by a felon, which has some classification attached to it. Your Honor, I believe in People v. Johnson have talked about this being a Class 3 offense sort of by default. Then you get to sentencing and you look at other factors. Well, was he on mandatory supervised release? Was this a prior conviction for this, that, or the other? You know, was this a prior conviction for a possession of a controlled substance that was a Class 2 or higher? That's the point at which it bounces from that basic level of Class 3 up to an enhanced sentence, possibly. Mr. Harris, you do call it an enhanced sentence, and just dovetailing off of what Justice Carmer says, your premise then is that the defendant was charged with a Class 3 offense, right? Correct, Your Honor. Well, why isn't that premise faulty in that there's only one, and I think I just heard you say it, there's only one UUW by a felon offense, but its classification, that offense, its classification of either being a Class 3 or 2 depends on what prior conviction is charged in the indictment, right? Your Honor, it depends on additional elements. You have to put it in under the notice requirement. You have to put it in the prior, in the charging document if you want to get it at sentencing. But that takes place at sentencing. That's a sentencing consideration. I don't know, did that answer your question? Well, my question is based on, to believe your argument, or to follow your argument, we have to look at the UUW by a felon statute as a Class 3 offense with a Class 2 enhancement. And what I'm saying, and what I've heard you say in response to Justice Carmer, is there's one UUW statute by a felon, right? Whether it's a Class 2 or a Class 3 is whether you charge the right prior conviction in the indictment. Your Honor, I don't know that I would go that far. I would agree with you so far as to say that there is a UUW by a felon statute that is one offense. There's not UUW by a felon Class 2, Class 3, and all these various offenses that we call them forks in the road, I think, in our brief. But to say that, you know, to say that, well, it depends on what's in the charging document, I think that you have to comply with 111C3 in the charging document or else you can't enhance it. But I don't think that what's in the charging document alone is what determines the sentence. I think you get the sentencing hearing and you present other evidence and make other findings. But there's a separate analysis that takes place there. Your Honor, the State is trying to carve out a completely new and we believe unnecessary exception to this rule for when a prior conviction is an element of the offense. Nothing in 111C3 supports this finding. You know, counsel made it seem like, well, this was a special case. No, this is not needed here because it's an element and in other cases it would be. You know, take the instance of UUW by a felon based on a prior home invasion conviction. Now, we know that from subsection E of the UUW by a felon statute, if you have a prior forcible felony, then your UUW by a felon conviction is bumped up in classification. Home invasion is not specifically listed as a forcible felony in the definition of forcible felony in another part of the criminal code. However, if the home invasion were based on, let's say, some kind of violent act, then presumably it would fall under this catch-all provision that would make it a forcible felony and then that would carry higher penalties and a higher classification. So this is another example of a case in which a defendant could be charged with something. Home invasion is an element of the offense and unless the state states its notice or its intention in the fashion prescribed by 111C3, defendant is not going to be on notice of the sentence he faces. Counsel also, you know, talked about, well, the defendant had to know this. The defendant couldn't help but know this. But you get all the way to the sentencing hearing and not only does the defendant not know and defendant's counsel doesn't know, the State doesn't know, the trial judge is asking questions, the State is saying, well, I think you should be class X. Defendant's counsel says, no, I'm not class X. Somebody says class 2. The State says, well, at least class 3. We're talking about the very last day that this guy is in the circuit court and they're going back and forth about this. Let me ask you a question leading up to that. If we were to agree with you that by failing to give notice that the statute had been violated, and you agree that this is a notice issue and this is an issue about the charging document, a pleading issue, I note that, number one, there was no objection at trial or in this conversation that you were describing. There was not raised in the appellate court by the defendant. You've not argued here that there's been any prejudice to him for failure to get this notice. Why would the failure to give notice invalidate the sentence? Well, Your Honor, respectfully, I disagree that there was no prejudice to him. I think prejudice can be demonstrated in the fact that, you know, for instance, there's reference in the record to the State has made an offer and then has withdrawn the offer, so he's at least had to go through plea negotiations not knowing what he's  I would think that would be a prejudice. But if you look at the different ways that this has been evaluated in the appellate court, this is either, I think the appellate court below used language from this Court's 615, Rule 615, talking about the defendant's substantial rights. Other cases have looked at this and analyzed this as void because this portion of the statute, the elevated portion, the new MSR term, was not authorized by statute. So is it void? What is your position? Is it void? Well, Your Honor, I think Is it plain error, second prong plain error? How do you answer this? Your Honor, I think that our position has been that this is second prong plain error. And I think, again, there's support in People v. Whalum that this is void. There's support in People v. Cheney that this kind of error is void.  I think that this was a sentencing error that affected a defendant's substantial rights. And that's certainly, that's our position here. Although, if Your Honors were inclined to analyze it under a different rubric, that would also be more than acceptable. Mr. Harris, let me back you up to your response to Justice Tice's question about prejudice. I heard you say that your assessment of the prejudice was in the negotiations on pleas. And that's what I heard you say. Is that right? Well, Your Honor, that's one example of it. But is there, what I'm trying to get at, is there more prejudice or is that it? Well, Your Honor, I think that there's prejudice in that. There's prejudice in the fact that at the very end of, you know, he's had to make every decision throughout trial based on whether or not, based on whether, based on his understanding of what sentence and what classification he faced. So we believe that that's prejudicial. Certainly, if Your Honors find that this error is prejudicial in that he's got an MSR term that's twice as long as it should be and that the trial judge sentenced him under the misapprehension of the applicable sentencing range. So I believe that that all goes to prejudice. Your Honors, we've also argued that this is not something that's subject to prejudice. That prejudice is not required here because this has placed a burden on the state. It is talked in the language of rights, entitlements for the defense. And that, you know, this is something that the state is expected to do. It's not an onerous requirement. I would imagine in this day of computers and everything, you could change a merge form and have this included in every indictment in which the state has made an election to seek an enhanced sentence. And if you look at, if you look at this right, you know, the legislature, again, has talked in terms of rights to notice. If this court doesn't enforce that and enforce the plain language of that, then there's not actually going to be a right to notice. I mean, if there's no penalty for this, then the right that the legislature has intended to give defendants is going to dissolve and have no remedy for it. You know, I don't think we can overstate, or maybe we can, but I'm going to try, that this situation is exactly what the legislature intended to obviate in passing this statute. That you wouldn't get to a sentencing hearing where people are arguing about what classification the defendant is subject to. That this would, everybody would know, there were no secrets, no hiding the ball, that everybody would know up front what the state's intention was, what Your Honor, in conclusion on this point, I think the appellate court, in prior to the case again that we just cited, had it correct when it said that it hesitated to read into statute exceptions that the legislature did not author. And we encourage this court to go with that, to not depart from a statute's plain language by reading into it exceptions. You know, we're here advocating a simple, straightforward, clear, easy to follow rule, a bright-line precedent, enforce this statute as it is written in this case and cases like it. Second, on the cross-appeal issue of double enhancement. It's familiar to all of us. A single factor cannot be used both as an element of the offense and as a basis for imposing a harsher sentence than would have otherwise been imposed. In this case, that's exactly what happened. Mr. Easley's prior UUW by a felon conviction was used once as an element of the offense, and it was used again to move the class of the offense from its default, we talked about it a little bit ago, class 3, up to a class 2. We talked in briefing about the difference between Mr. Harris, let's just say, for purposes of argument, we agree with your argument and say the state has to notify the defendant that, in this particular case, it would be a class 2. They don't do it, right? The trial judge says, you didn't do it. Based on the Supreme Court decision, you're sentenced to a class 3. The state files a mandamus action and says, pursuant to the statute, it has to go back to the trial judge to do class 2 sentencing based on the statute. Aren't we right back to the same spot? No, Your Honor, I don't think so. And I think, and correct me if... The sentence does say shell, doesn't it? Which? Sentence, violation of the section by a person not confined, for which person shall be sentenced to no less than 2 years and no more than 10, right? Your Honor, that is what it says, but again, going back to Pierre White and I think specifically to Justice Tice's concurrence in that case, I don't think that that class 2 sentence is authorized. I don't think the state would have any mandamus action because it is not compliant. The trial court is faced at the time of sentencing then between a decision based on this hypothetical decision of this court that notice had to be given and a statute that says he shall sentence to a class 2. And then when it gets to this court, how do you respond to a mandamus when they come right back in and say, Judge, there was no discretion for the trial judge here. The statute clearly says it had to be sentenced as a class 2. Well, Your Honor, we would agree that there's no discretion, but we would say that the defendant has to be sentenced as a class 3. I'm agreeing with you on all that. Now we're at the mandamus point where we have a sentence that is contrary to statute. Your Honor, again, I don't think that it's contrary to statute. I think we're trying to mix things up. We're talking about one thing in the criminal code and we're talking about another thing in the code of criminal procedure. The criminal code is proscribing certain conduct, telling people what they can and cannot do in the state of Illinois. 111C3 is telling the state what it has to do if it wants to get this sentence. And by implication, I would assume that this is informing the court that if the state doesn't do this, then you know what you have to do. That code, the code of criminal procedure, is what regulates what goes on in the courtroom. And I would think that the trial court would be bound by that to enter sentence on the class 3 offense. Your Honor, just really briefly, as we've talked about before, this was not a situation where there were multiple different crimes of UUW by a felon. There's one crime with multiple possible sentences based on multiple enhancements. Those enhancements are what we're saying is the double enhancement here, that it was moved from this to this. Double enhancement was not expressly permitted by the legislature. I don't think counsel's response to our argument with all this legislative history language says anything about what that language could mean other than that this wasn't on the legislature's mind to explicitly permit this. Counsel, your time has expired. Okay, thank you, Your Honor. Would you conclude? What's that? Would you conclude? Yes, I will conclude. Your Honor, we agree with the appellate court below that no notice was given that this should go back for class 3 sentencing. We disagree with them on the double enhancement issue and would ask that you grant relief on that as well. Thank you, Your Honor. Thank you. Mr. Nowak, any rebuttal? Yes. May it please the Court. The intent of the legislature regarding Section 111.3c was satisfied here, and this defendant was on notice from the get-go, from that indictment, and that statute that he's charged with violating, that this was only a class 2 offense. Every statute referred to in the legislative history for 111.3c and every one of those 26 statutes that they referred to, that the sponsor refers to for 111.3c and that this Court discussed in Jamison, every one of those 26 offenses, in every single one of them, a prior conviction was not an element of the offense. That is the distinction. That is the important difference here. In all 26 statutes that they cite, it all had to do with cases where the prior conviction isn't an element. UUW by a felon is one of those rare offenses where a prior conviction is an element of the offense. And when that element of the offense, as charged, can result in only a single class of offense, as here, 111.3c simply doesn't apply. That is why 111.3c says in its own words that the fact of prior conviction is not an element of the offense and shall not be disclosed to the jury. That is not true for UUW by a felon. In UUW by a felon, it has to be proven, and it is an element. Defendant's argument about this being a bench trial and it would be different in a jury trial is off-base. It's irrelevant whether this is a bench or a jury. It was stipulated during trial in the case in chief to defendant's prior conviction, to his prior conviction under this for his prior UUW by a felon conviction. And a certified copy of the conviction was entered in evidence. That is in the record at X113 to X114. That was in trial, stipulated, not as sentencing, but at trial. The people had to establish that element in order to prove him guilty of the offense of UUW by a felon. And as proved and as charged, it required only a class 2. This was not enhanced. Defendant's argument about the sentencing hearing and somehow there was some sort of confusion is misreading what happened. It was in three pages of the sentencing hearing. And it had to do with whether this defendant was going to be sentenced as a class 2 offender or as a class X. The state was arguing that based on this class 2 conviction and his prior class 2 conviction for possession of a stolen motor vehicle, he should be sentenced here as a class X offender. The trial judge and defense counsel both agreed that this was a class 2 offense. But the trial judge correctly held that this could not be enhanced to a class X because that prior conviction for UUW by a felon that made this a class 2, that was an element of defense, could not then also be used to enhance it to a class X. The only discussion in sentencing was whether this was a 2 or an X. And it was a 2, and Judge Alonzo was correct. Or simply, defendant talks about reading an exception into the statute and talks about how this recent prior case found that, but that was a misreading of the statute by prior. In fact, prior didn't even talk about the relevant portion of 111.3c. 111.3c, by its terms, again, states that the prior conviction is not an element of defense and shall not be proven to the jury. The majority in prior did not discuss that section at all. The dissent pointed that out and explained that's why 111.3c doesn't apply here by its own terms and why the appellate court decision in Knowles is actually the correct one and that that reasoning should be followed. There simply was no prejudice as to that issue. This defendant knew from the outset with his charge, based on a prior UUW by a felon conviction, this was solely a class 2. 111.3c is about notice, but it only applies when that prior conviction is an element of defense. This defendant was on notice immediately that he was facing only a class 2. There simply was no enhancement here. And as to Justice Thomas' hypothetical about mandamus, if a trial judge found this defendant, sentenced him as a class 3 offender, that clearly violates the UUW by a felon statute. It says plainly, any second or subsequent violation is a class 2 offense. It cannot be a class 3. A repeat UUW by a felon offender cannot receive a class 3 sentence. And again, as for double enhancement, there was simply no double enhancement here. And if it was, the legislative history does not talk one way or another about double enhancement because here the statute plainly says in its own terms, again, a second or subsequent is a class 2 felony. It could not be more clear than that. This defendant was on notice immediately, and for these reasons and those in our briefs, we ask that this Court reverse the appellate court and affirm defendant's class 2 conviction and sentence. Thank you, Mr. Novak, Mr. Harris. Marshal, case number 115581, People v. Christopher Ely, easily will be taken under advisement. This is agenda number 4.